IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TAWFIQ SHAMS                                          PETITIONER

V.                                          CIVIL NO.   5:26-cv-00246-DCB-BWR

R. VERGARA                                          RESPONDENT
*Warden, Adams ICe Processing Center*

<u>ORDER SETTING BRIEFING SCHEDULE</u>

This matter is before the Court *sua sponte*. Petitioner, a native and citizen of Afghanistan, filed his Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 in March 2026 challenging the length of his detention under 8 U.S.C. § 1231(a)(6) and requesting his immediate release from Immigration and Customs Enforcement's ("ICE") custody.

Petitioner entered the United States illegally on December 5, 2024 and was detained.  Pet. [1] at 4; ICE Decl. [7-1] at 1. On December 26, 2024, Petitioner filed an application for asylum, withholding of removal under INA § 241(b)(3), and withholding of removal under the Convention Against Torture. IJ Order [7-2] at 3. On August 11, 2025, an immigration judge ordered Petitioner removed to Afghanistan. *Id.* at 5. Petitioner's applications for asylum and withholding of removal were denied, but Petitioner was granted deferral of removal under the Convention Against Torture. *Id.* at 3. Petitioner reserved appeal but then did not file an appeal with the Board of Immigration Appeals, meaning his removal order became administratively final on September 11, 2025. ICE Decision [7-3] at 1.

Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that the Attorney General shall remove the alien within a period of 90 days (referred to as the "removal period"), during which time the alien shall be detained, § 1231(a)(1)(A), (a)(2). "After that time elapses, however § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas v. Davis,* the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is not authorized by statute." 533 U.S. 678, 699 (2001). "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02.

Petitioner's removal order became administratively final on September 11, 2025. *See* 8 U.S.C. § 1231(a)(1)(B)(i). The 90-day removal period expired on December 10, 2025. Six months following October 6, 2025 expired on June 10, 2026. Attached to

Respondent's Response, filed May 12, 2026, is a document summarizing Petitioner's March 18, 2026 custody review that provides, "ICE is not in possession of a valid travel document from the Government of Afghanistan. On 11/03/205, a third country removal request was made with the State Department and is still pending." Checklist [7-3] at 3.

The Court requires a status update from Respondent regarding its efforts to remove Petitioner and sets a briefing schedule regarding whether there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701-02.

IT IS THEREFORE ORDERED that, within 14 days of this Order, Respondent shall file a status update:

1. Including a Declaration from an official from Enforcement and Removal Operations; and

2. Specifically addressing the following: (1) the status of efforts to remove Petitioner, including Petitioner's cooperation with any such efforts; and (2) a timeline of any anticipated efforts to remove Petitioner.

IT IS FURTHER ORDERED that:

1. No later than 30 days after Respondent's status update, Petitioner shall file a memorandum brief and must show there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future;

2. No later than 14 days after Petitioner's memorandum brief, Respondent

shall file a response furnishing evidence sufficient to rebut that showing; and

3. No later than 14 days after Respondent's response, Petitioner may file a reply.

SO ORDERED, this 17th day of June 2026.

*s/* *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE